ACCEPTED
15-25-00140-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/23/2025 1:51 PM
CHRISTOPHER A. PRINE
CLERK



**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/23/2025 1:51:24 PM
CHRISTOPHER A. PRINE
Clerk

October 23, 2025

Mr. Christopher A. Prine                    *via E-Filing*
Clerk of the Court
Fifteenth Court of Appeals
P. O. Box 12852
Austin, TX 78711

> Re:  *In re Powered by People and Robert Francis O'Rourke*,
>      No. 15-25-00140-CV

To the Fifteenth Court of Appeals:

The State writes this letter to inform the Court of a recent development in the trial court that is relevant to the petition for writ of mandamus pending before this Court. The underlying case concerns Relators' activities with respect to Texas legislators who fled the State during a Special Session to deprive the Legislature of a quorum. The State contends that Relators' activities violated the Deceptive Trade Practices Act and other laws.

Because the absent legislators returned to the State and the Special Session has ended, Relators are no longer engaged in (and cannot engage in) the misconduct the State sought to prevent. As a result, the State no longer has any need or basis to seek prospective injunctive relief—either permanent or temporary—to prohibit Relators' misconduct with respect to (non-existent) legislators who have fled the State.

As a result of these changed circumstances, on October 22, 2025, the State filed a Second Amended Petition, attached as Exhibit A, confirming that the State no longer seeks any temporary or permanent injunctive relief with respect to

Relators' violations of the DTPA. The State continues to seek civil penalties as a remedy for Relators' past violations of the DTPA, and continues, if necessary, to seek a temporary injunction to protect the trial court's dominant jurisdiction against the parallel El Paso proceeding.

The State respectfully suggests that these changed facts—which the State has acknowledged in its amended petition—render moot the portions of the petition for writ of mandamus regarding temporary restraining orders concerning Relators' funding of state legislators and those portions regarding discovery rulings in advance of a temporary injunction hearing.

This is not a case where "a party has taken steps to cause mootness." *In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022). The challenge to these orders has become moot because the legislators returned to the State and the Special Session ended—not only have Relators ceased to engage in the misconduct that the State sought to enjoin, but Relators could not now engage in that misconduct. Put simply, there is no longer a "probable, imminent, and irreparable injury" from Relators' violations of the DTPA. *State v. Loe*, 692 S.W.3d 215, 226 (Tex. 2024) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)).

Nor could Relators rely on the "rare exception" to mootness when an issue is capable-of-repetition-yet-evading-review. *Tex. A & M Univ.-Kingsville v. Yarbrough*, 347 S.W.3d 289, 290 (Tex. 2011); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). There is no "reasonable expectation that the same action will occur again if the issue is not considered." 347 S.W.3d at 290. Moreover, the issue of the legality of Relators' conduct will not evade review because the State continues to press its claims under the DTPA.

Because Relators have ceased the challenged misconduct (and cannot engage in that misconduct now that the absent legislators have returned to the State and the Special Session has ended), the State no longer has any need or basis to seek prospective temporary or permanent injunctive relief to prevent any ongoing or future violations of the DTPA.

For these reasons, the State respectfully suggests that those portions of Relators' petition for writ of mandamus challenging temporary restraining orders to prevent violations of the DTPA (and those portions challenging related discovery rulings regarding a temporary injunction hearing on the issue) are moot.

Sincerely,

*/s/ Abigail E. Smith*
Abigail E. Smith
Assistant Attorney General
Consumer Protection Division
Phone: (214) 290-8830
Abby.Smith@oag.texas.gov

cc:    Mimi Marziani, *via e-service*
Sean McCaffity, *via e-service*
Rebecca (Beth) Stevens, *via e-service*
Joaquin Gonzalez, *via e-service*

Exhibit A

**CAUSE NO: 348-367652-25**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ROBERT FRANCIS O'ROURKE and | § | |
| POWERED BY PEOPLE | § | |
| | § | 348th JUDICIAL DISTRICT |
| *Defendants.* | § | |

### STATE OF TEXAS'S SECOND AMENDED PETITION AND NOTICE OF LIEN

Robert Francis O'Rourke and his political influence operation, Powered by People, recently traveled the state misleadingly raising ***political*** funds to pay for the ***personal*** expenses of Texas Democrats who abandoned their offices and fled the state in the middle of a Special Legislative Session. Texas law prohibits—as a matter of public confidence and trust—personal fundraising for state officials.[1] Nevertheless, Mr. O'Rourke and Powered by People intentionally blurred the dichotomy between political and personal funds in a deceptive and confusing manner to take advantage of donors. Mr. O'Rourke and Powered by People directed consumers to ***political fundraising platforms***, such as ActBlue, for the express political purpose of "fight[ing]" Republicans and protecting Democratic seats from "corrupt republicans," meanwhile the funds were actually being used for lavish personal expenditures (i.e. travel on private jets, luxury hotel accommodations, and fine dining that is disconnected from, and has no legitimate purpose relating to, their legislative positions).

In support hereof, the State shows as follows:

---

[1] Tex. Penal Code 36.08(f) ("A member of the legislature, the governor, the lieutenant governor, or a person employed by a member of the legislature, the governor, the lieutenant governor, or an agency of the legislature commits an offense if he solicits, accepts, or agrees to accept any benefit from any person.").

## I. STATEMENT OF RELIEF

1.     Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, the State seeks monetary relief over $1,000,000 and non-monetary relief.

## II. DISCOVERY CONTROL PLAN

2.     Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## III. THE PARTIES

3.     Defendant, Robert Francis O'Rourke,[2] is an individual residing in El Paso County, Texas. Defendant O'Rourke has generally appeared in this matter through his attorneys.

4.     Defendant, Powered by People ("PXP"), is a non-profit corporation organized under the laws of the State of Texas. Defendant PXP has generally appeared in this matter through its attorneys.

## IV. JURISDICTION AND VENUE

5.     Venue is proper in Tarrant County, Texas, because a substantial part of the events or omissions giving rise to the State's claims occurred in Tarrant County, because Defendants have done business in Tarrant County, and because transactions occurred in Tarrant County. Tex. Civ. Prac. & Rem. Code §§ 15.002(a)(1), Tex. Bus. & Com. Code § 17.47 (b).

## V. BACKGROUND

6.     The Texas Constitution provides that "[t]he Legislature *shall* meet every two years at such time as may be provided by law and at other times when convened by the Governor." Tex. Const. art. III, § 5 (emphasis added).

---

[2]     Mr. O'Rourke is being sued in his individual capacity and his official capacity as a director of Defendant PXP.

7. On July 9, 2025, Texas Governor Greg Abbott issued a proclamation requiring the Legislature to convene beginning on July 21, 2025, to address critical legislative needs of the State. Att. A (Proclamation).

8. Governor Abbott directed the Legislature to consider and act upon a host of issues including, *inter alia*, flood relief, property tax relief, protecting women's privacy in sex-segregated spaces, public school reforms, and a revised congressional redistricting plan "in light of constitutional concerns raised by the U.S. Department of Justice." *Id.*

9. Within hours of that proclamation a perennial candidate, Mr. O'Rourke, attacked the Governor and the Legislature, accusing both of "trying to rig the maps."



10. On July 20, 2025, Mr. O'Rourke went national airwaves to propose that Democrats need to be "ruthless about getting back in power" and should "deny" the Texas Legislature a

quorum. *Beto O'Rourke Speaks To CNN's Jake Tapper About Proposed Redistricting In Texas*, CNN (July 20, 2025), https://tinyurl.com/4ybep7ye.

11. Mr. O'Rourke conspired with PXP to enact a plan to aid and abet Texas Democrats with fleeing the state and abandoning their legislative duties, by providing the Democrats cover for their personal expenses.

12. To accomplish this, Defendants organized and held rallies across the state and the nation fundraising. Defendants made phone calls and sent emails, texts, and marketing materials to Texas consumers seeking donations.

13. Defendants promised Texas Democrats that if they broke quorum, Defendants would "have [their] back," would give them "an initial amount to get [them] off the ground," and would "fundraise" such that "everything that comes in goes toward that effort." Taylor Goldenstein, *Democrats who fled Texas are racking up a huge bill. Who is paying the tab?*, Hous. Chron. (Aug. 5, 2025), https://tinyurl.com/56uzbyve.

14. In reliance on those offers, Democratic members of the Texas House of Representatives boarded luxurious chartered private planes and absconded to places where they 'knew' the Governor had "no power to reach." *See* Emergency Petition for Writ of Quo Warranto, *In Re Greg Abbott*, No. 25-0674 n. 5 (Tex.) (filed Aug. 5, 2025); *Hear top Texas Democrat's response to Gov. Abbott's threat*, CNN (Aug. 4, 2025), https://tinyurl.com/j9r4b5pb.

15. Following the departure of the Democratic members, the Texas House of Representatives acted in accordance with Article III, § 10 of the Texas Constitution and its Rules of Procedure to (1) instruct its sergeant-at-arms to secure and maintain the attendance of absentee

4

Members, and (2) issue civil arrest warrants for the members who had deliberately broken quorum without excuse.

16. Meanwhile, at Defendants' fundraising rallies and in numerous media appearances, Mr. O'Rourke urged consumers to text the word "fight" to "20377" in order to make political donations and "support these brave Texas Democrats," who, he claimed, the Governor was attempting to "replace" with "cronies" and "corrupt republicans."[3]

17. Oddly—without any apparent challenge—Mr. O'Rourke told some rally-goers that there were "no bribe[s]" in Defendants' fundraising scheme.[4]

18. When consumers followed Mr. O'Rourke's instructions, they received a text message response that purported to be from Mr. O'Rourke containing the following misrepresentations.




[3]    See Beto O'Rourke (@BetoORourke), X (Aug. 7, 2025, 10:22 a.m.) (video of Oklahoma City, OK Rally at 1:31).
[4]    See Beto O'Rourke (@BetoORourke), X (Aug. 6, 2025, 10:46 a.m.) (video of Omaha, NE Rally at 01:54)

19. The hyperlink then directed consumers to an ActBlue page for PXP, wherein consumers were prompted to make *political* donations.

20. Defendants claim that these unlawful and deceptive fundraising efforts resulted in "tens of thousands" of donations. Beto O'Rourke tells CNN Texas Democrats who fled the state can "stay out long enough to stop this deal," CNN (accessed Aug. 8, 2025), https://tinyurl.com/p3devs4v.

21. After two weeks out of state, Democratic lawmakers returned a quorum to Austin on August 18, 2025.

22. Upon the return of the Democratic lawmakers, the Legislature was able to address the items set forth on the Governor's Special Session Agenda.

23. As a result of the quorum-break's conclusion, Defendants no longer appear to be engaged in the unlawful and deceptive fundraising practices described herein.

**A. Defendants Fundraising Efforts Were Unlawful, Constitute Bribery, And— Unbeknownst to Donors— Were Being Used to Support Impermissible Personal Expenditures.**

24. Unbeknownst to donors and potential donors, Defendants' fundraising scheme was unlawful and was being used to impermissibly support personal expenditures.

25. First, the Texas Penal Code provides that a person commits felony bribery if the person "offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept… (3) any benefit as consideration for a violation of a duty imposed by law on a public servant." Here, there can be no question: Texas Legislators are duty-bound to convene when the Governor calls a Special Session. *See* Tex. Const. art. III, § 5; *see also* Emergency Petition for Writ of Quo Warranto,

6

p. 4, *In Re Greg Abbott*, No. 25-0674 (Tex.) ("[s]howing up to conduct legislative business is not cast by the Constitution as optional. Instead, by using the word 'shall,' the Constitution imposes a mandate.")

26.     By offering to (a) fundraise and (b) help pay for legislative fines and hotel, travel, and dining expenses *if* Democratic legislators broke quorum, Defendants offered, conferred, and agreed to confer benefits on those Democratic legislators in exchange for violation of the legislators' Constitutional duties. *See* Tex. Pen. Code 36.01(3) (defining a "benefit" as "anything reasonably regarded as pecuniary gain or pecuniary advantage").

27.     Second, the Texas Elections Code expressly prohibits the use of political contributions for personal use. Tex. Elec. Code § 253.035. In this context, "personal use" is defined as "a use that primarily furthers individual or family purposes not connected with the performance of duties or activities as a candidate for or holder of a public office."

28.     Notably too, according to the Legislature's self-created rules on "quorum and attendance,"—which mandate a daily fine of $500 for unexcused legislative absences— legislators "may not make any payment… from funds accepted as political contributions." Rule 5, § 3 (f), H. Res. 4, 89th Leg., Reg. Sess. (Tex. 2025). Thus, payment for such fines necessarily must come from personal funds.

29.     Third, aside from political contributions, Texas legislators are generally prohibited from accepting benefits with a value equal to, or greater than, $50. Tex. Pen. Code §§ 36.08, 36.10.

30.     Upon information and belief, Defendants conduct may further violate other laws governing public corruption and campaign finance laws.

B.      **In Spite of This Court's Temporary Restraining Order (TRO), Defendants Engaged In Unlawful and Deceptive Fundraising Practices to Tarrant County.**

31.     On Friday, August 8th, the State filed this lawsuit and obtained an Emergency Temporary Restraining Order from this Court to prevent Defendants from engaging in these same unlawful and deceptive fundraising practices in a rally that they planned to host in Tarrant County on Saturday, August 9th.

32.     But rather than abide by this Court's orders, Defendants proceeded with the rally and used this Court's TRO as a rallying cry to engage in additional unlawful and deceptive fundraising. For example— speaking on the subject of the TRO—Defendant O'Rourke implored Tarrant County rally goers to text "fight" to "20377" to "donate," "raise money to support," and "have the backs of these fighters." According to Mr. O'Rourke, "there are no refs in this game— f*ck the rules— we are going to win, whatever it takes."

33.     During this August 9th rally in Tarrant County, Texas, Defendants raised funds for non-political purposes, including to unlawfully fund out-of-state travel, hotel, and dining accommodations or services to the quorum breaking Texas Democratic legislators and to assist in funding the payment of fines provided under Texas House rules for unexcused legislative absences. Defendants raised these funds in a confusing, misleading, and deceptive manner (and in violation of this Court's TRO) by raising these funds through the ActBlue platform.

34.     Additionally, Defendants have openly expressed their defiance of the Court's TRO elsewhere too.

## VI.     LEGAL CLAIMS

### A.     Deceptive Trade Practices in the Solicitation and Receipt of Donations.

35.     The State incorporates the foregoing allegations as if set forth fully herein.

36. Defendants represented to donors, potential donors, and the public at large that donations submitted through Defendant PXP's ActBlue page were being used for lawful political purposes, including to support Texas Democrats in their "fight" against Trump and to protect Democratic House seats from the Governor's attempts to replace Democrats with "cronies" and "corrupt republicans."[5]

37. But this is not true. Contrary to Defendant O'Rourke's express claims otherwise, Defendants' actions constituted *prima facie* bribery under Texas law. What is more, the donations were not being used for political purposes. Rather, the donations were being used for impermissible personal purposes to evade the very political "fight" that they were being solicited to support, to flout the Constitution, and to avoid enforcement of the Texas House's legislative warrants.

38. As such, Defendants have, in the course of trade and commerce, engaged in false, misleading, and deceptive acts and practices, as declared unlawful by §17.46(a) and (b) of the Texas Deceptive Trade Practices Act. Such acts and practices include, but are not limited to:

    a. Engaging in false, misleading, or deceptive acts or practices in the conduct of trade or commerce in violation of DTPA § 17.46(a);

    b. Causing confusion or misunderstanding as to the source, approval, or certification of goods or services in violation of DTPA § 17.46(b)(2);

    c. Representing that goods or services have approval, characteristics, uses, or benefits which they do not have in violation of DTPA § 17.46(b)(5);

    d. Representing that goods or services are of a particular standard, quality, or grade, if they are of another in violation of DTPA § 17.46(b)(7); and

    e. Failing to disclose information concerning goods or services that was known at the time of the transaction when such failure to disclose such information was intended to induce consumers into a transaction into which the consumer would

---

[5] *See* Beto O'Rourke (@BetoORourke), X (Aug. 7, 2025, 10:22 a.m.) (video of Oklahoma City, OK Rally at 1:31).

not have entered had the information been disclosed, in violation of DTPA § 17.46(b)(24).

36. Pursuant to the DTPA, the Attorney General's Consumer Protection Division is authorized to bring an action against "any person" who the Division "has reason to believe… is engaging in, has engaged in, or is about to engage in" a DTPA violation. Tex. Bus. & Com. Code § 17.47(a). This includes corporate agents, who may be held personally liable for their participation in misrepresentations. *Miller v. Keyser*, 90 S.W.3d 712, 716-17 (Tex. 2002).

37. In the present matter, Defendant O'Rourke personally made misrepresentations that form the subject matter of the present lawsuit.

**B.      Information in the Nature of Quo Warranto[6]**

38. The State incorporates the foregoing allegations as if set forth fully herein.

39. It is well-established that the Attorney General can terminate a Texas corporation's right to do business in Texas "whenever sufficient cause exists." Tex. Const. art. IV, § 22; Tex. Gov't. Code § 402.023. The Texas Supreme Court recently reiterated that such sufficient cause may exist where a corporation is engaged in "violations of criminal law." *Paxton v. Annunciation House, Inc.*, No. 24-0573, 2025 WL 1536224, at *12 (Tex. May 30, 2025).

40. Among the criminal laws that Texas-chartered corporations must comply with are the State's prohibitions against bribery of a public servant (Tex. Pen. Code § 36.02) and hindering the apprehension of a fugitive (Tex. Pen. Code § 38.05).

41. Under the bribery statute, a person commits a second degree felony if he intentionally or knowingly "offers, confers, or agrees to confer," "any benefit" as consideration

---

[6] This legal claim is the subject of a contemporaneously filed (or immediately forthcoming) Motion for Leave.

for (1) a public servant's "vote" or "other exercise of discretion," or (2) for the public servant to "violat[e] a duty imposed by law on [the] public servant." Tex. Pen. Code § 36.02

42. With respect to unlawful hindering of fugitive apprehension, the Penal Code prohibits a person from "provid[ing] or aid[ing] in providing… any means of avoiding arrest" to a person with intent to "hinder the arrest of [that person] under the authority of a warrant." Tex. Pen. Code § 38.05 (a)(2).

43. As alleged herein, Defendant PXP by and through Defendant O'Rourke and other agents, has not only violated each of these penal code provisions, but persisted in its violations in contravention of this Court's August 8, 2025 TRO, and did so in a particularly egregious manner that brought the Texas House of Representatives to a legislative standstill and prevented the State's ability to address critical State interests, including flood relief, property tax relief, public school reforms, matters relating to the protection of women's privacy, and congressional re-districting for the people of this State.

44. Accordingly, for the reasons identified herein, the State brings this petition in the nature of quo warranto to judicially forfeit Defendant PXP's charter, rights, and privileges.

## VII. NOTICE OF LIEN

54. Pursuant to Tex. Bus. Orgs. Code § 12.201, this filing operates as a notice of lien on all of Defendant PXP's property in this state.

## VIII. PRAYER FOR RELIEF

55. The State incorporates by reference the preceding paragraphs as if fully set forth herein. As explained above, Defendants have engaged unlawful conduct and deceptive trade

11

practices in violation of state law. NOW THEREFORE, the State respectfully prays that the Court

enter judgment in its favor and order the following:

a. Civil penalties in favor of the State in an amount of not more than $10,000 per DTPA violation;

b. Attorneys' fees and all costs and expenses;

c. That quo warranto relief is warranted;

d. That PXP forfeit its rights and privileges as a registered corporation and be permanently enjoined from conducting any operations in Texas;

e. That PXP's registration is immediately dissolved and void;

f. A receiver be appointed to wind-up PXP's affairs in the State; and

g. Any and all further relief to which the State may be entitled.

[signature page to follow]

Dated: October 22, 2025.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

/s/ *Justin Sassaman*
JUSTIN SASSAMAN
Assistant Attorney General
State Bar No. 24143383

ROB FARQUHARSON
Deputy Chief, Consumer Protection Division
State Bar No. 24100550

JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779

Office of the Attorney General of Texas
Consumer Protection Division
300 W. 15th St.
Austin, Texas 78701
Phone: (214) 290-8811
Fax: (214) 969-7615

Justin.Sassaman@oag.texas.gov
Rob.Farquharson@oag.texas.gov

**ATTORNEYS FOR THE STATE**

13

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on October 22, 2025.


*/s/ Justin Sassaman*___
Justin Sassaman

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Emily Samuels on behalf of Justin Sassaman
Bar No. 24143383
emily.samuels@oag.texas.gov
Envelope ID: 107151472
Filing Code Description: Amended Filing
Filing Description: 20251022 States 2nd Amended Petition
Status as of 10/22/2025 12:46 PM CST

Associated Case Party: THEPOWERED BY PEOPLE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sean McCaffity | 24013122 | sjmdocsnotifications@textrial.com | 10/22/2025 11:39:00 AM | SENT |
| George Quesada | 16427750 | gtqdocsnotifications@textrial.com | 10/22/2025 11:39:00 AM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 10/22/2025 11:39:00 AM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 10/22/2025 11:39:00 AM | SENT |
| Rebecca Stevens | | bstevens@msgpllc.com | 10/22/2025 11:39:00 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joseph Jaworski | 10593200 | joejaws@jaworskilawfirm.com | 10/22/2025 11:39:00 AM | SENT |
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 10/22/2025 11:39:00 AM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |
| Kathy Gatzemeyer | | kgatzemeyer@textrial.com | 10/22/2025 11:39:00 AM | SENT |

Associated Case Party: THESTATE OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |
| Tisha James | | Tisha.James@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |
| Justin Sassaman | | justin.sassaman@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |
| Jacob Przada | | Jacob.Przada@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Emily Samuels on behalf of Justin Sassaman
Bar No. 24143383
emily.samuels@oag.texas.gov
Envelope ID: 107151472
Filing Code Description: Amended Filing
Filing Description: 20251022 States 2nd Amended Petition
Status as of 10/22/2025 12:46 PM CST

Associated Case Party: THESTATE OF TEXAS

| Jacob Przada | | Jacob.Przada@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |
|---|---|---|---|---|
| Abby Smith | | abby.smith@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |
| Clayton Watkins | | clayton.watkins@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |
| Kelley Owens | | kelley.owens@oag.texas.gov | 10/22/2025 11:39:00 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Pauline Sisson on behalf of Abigail Smith
Bar No. 24141756
pauline.sisson@oag.texas.gov
Envelope ID: 107216071
Filing Code Description: Letter
Filing Description: 20251023 Advisory to Ct re 2d Am Pet with Ex A
Status as of 10/23/2025 1:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Maria Williamson | | maria.williamson@oag.texas.gov | 10/23/2025 1:51:24 PM | SENT |
| Mimi Marziani | | mmarziani@msgpllc.com | 10/23/2025 1:51:24 PM | SENT |
| Joaquin Gonzalez | | jgonzalez@msgpllc.com | 10/23/2025 1:51:24 PM | SENT |
| Brian Falligant` | | bfalligant@inquestresources.com | 10/23/2025 1:51:24 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 10/23/2025 1:51:24 PM | SENT |
| Sean McCaffity | 24013122 | sjmdocsnotifications@textrial.com | 10/23/2025 1:51:24 PM | ERROR |
| Rebecca Stevens | | bstevens@msgpllc.com | 10/23/2025 1:51:24 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 10/23/2025 1:51:24 PM | SENT |
| Rebecca Neumann | | rneumann@textrial.com | 10/23/2025 1:51:24 PM | SENT |
| Nancy Bentley | | ndbentley@tarrantcountytx.gov | 10/23/2025 1:51:24 PM | SENT |
| Lisa Adams | | LAAdams@tarrantcountytx.gov | 10/23/2025 1:51:24 PM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Cole | 24124187 | William.Cole@oag.texas.gov | 10/23/2025 1:51:24 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 10/23/2025 1:51:24 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 10/23/2025 1:51:24 PM | SENT |
| William Peterson | | William.Peterson@oag.texas.gov | 10/23/2025 1:51:24 PM | SENT |
| Justin Sassaman | | justin.sassaman@oag.texas.gov | 10/23/2025 1:51:24 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 10/23/2025 1:51:24 PM | SENT |